**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RICHARD E. SCHATZEL,

      Plaintiff,

v.                                                    Case No. 3:26-cv-236-MMH-PDB

DUVAL COUNTY PUBLIC
SCHOOLS, et al.,

      Defendants.

_____

**O R D E R**

**THIS CAUSE** is before the Court on three motions: (1) Defendants Duval

County School Board, Duval County Public Schools, and Dr. Christopher

Bernier's Motion to Dismiss Third Amended Complaint [Doc. 33] (Doc. 37; Duval

Defendants' Motion to Dismiss), filed April 20, 2026, (2) Defendant Teamsters

Local 512's Motion to Dismiss Third Amended Complaint and Incorporated

Memorandum of Law (Doc. 41; Local 512's Motion to Dismiss), filed April 27,

2026, and (3) Defendant Teamsters Local 512's Motion to Stay Discovery (Doc.

48; Motion to Stay Discovery), filed June 8, 2026. In the Duval Defendants'

Motion to Dismiss and Local 512's Motion to Dismiss, Duval County Public

Schools (DCPS), Duval County School Board (DCSB), and Dr. Christopher

Bernier (collectively, the Duval Defendants) and Teamsters Local 512 (Local

512), respectively, seek dismissal of Richard E. Schatzel's Second Amended Complaint for Damages and Injunctive Relief (Doc. 33; Second Amended Complaint), filed April 6, 2026. In opposition to the Duval Defendants' Motion to Dismiss, Schatzel, proceeding pro se, timely filed Plaintiff's Memorandum of Law in Opposition to the Duval County School Board Defendants' Motion to Dismiss the Third Amended Complaint (Doc. 37) (Doc. 47; Duval Defendants' Motion to Dismiss Response), filed May 22, 2026. And, in opposition to Local 512's Motion to Dismiss, he timely filed Plaintiff's Opposition to Defendant Teamsters Local 512's Motion to Dismiss (Doc. 43; Local 512's Motion to Dismiss Response), filed May 1, 2026. In the Motion to Stay Discovery, Local 512 asks that the Court stay discovery until it rules on Local 512's Motion to Dismiss. See generally Motion to Stay Discovery. On June 8, 2026, Schatzel filed Plaintiff's Response in Opposition to Defendant Teamsters Local 512's Motion to Stay Discovery (Doc. 52; Motion to Stay Discovery Response). With leave of Court, see Order (Doc. 56; Leave Order), entered June 11, 2026, at 1, Local 512 filed a reply on June 25, 2026, see generally Defendant Teamsters Local 512's Reply to Plaintiff's Response in Opposition to Defendant Teamsters Local 512's Motion to Stay Discovery (Doc. 67; Local 512's Reply). Accordingly, the Duval Defendants' Motion to Dismiss and Local 512's Motion to Dismiss (collectively,

2

the Motions to Dismiss) as well as the Motion to Stay Discovery are ripe for review

## I.      Procedural Background

Schatzel is no stranger to this Court. On three occasions, Schatzel has attempted to recover on various claims arising out of disciplinary actions taken against him when he worked as a school bus operator. Schatzel filed his first pro se complaint in the United States District Court for the Middle District of Florida almost seven years ago, and his case was assigned Case No. 3:19-cv-888-MMH-PDB (2019 Action). See generally Complaint in Employment Standards, and all that apply (2019 Action Doc. 1; 2019 Complaint), filed July 31, 2019. The Court struck the 2019 Complaint as a "shotgun pleading."[1] Order (2019 Action Doc. 3; 2019 Shotgun Order) entered August 1, 2019, at 6. In the 2019 Shotgun

---

[1] In Weiland, the Eleventh Circuit "identified four rough types or categories of shotgun pleadings." See Barmapov v. Amuial, 986 F.3d 1321, 1324 (11th Cir. 2021) (quoting Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321 (11th Cir. 2015)). As the Barmapov court explained,

> The first [category] is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." The third is a complaint that does not separate "each cause of action or claim for relief" into a different count. And the final type of shotgun pleading is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

Id. at 1324–25 (citations omitted) (quoting Weiland, 792 F.3d at 1321–23).

Order, the Court explained that the 2019 Complaint fell into the first, second, and fourth categories of shotgun pleadings and instructed Schatzel on how to file a corrected complaint that complies with the Federal Rules of Civil Procedure (Rule(s)). Id. at 4–7. Schatzel then filed his corrected complaint, see generally Amended Complaint in Motion for Mandamus Quo Warranto (2019 Action Doc. 5; 2019 Corrected Complaint), filed September 9, 2019, and one of the defendants moved to dismiss, see generally Defendant Durham D&M LLC's Motion for a More Definite Statement or in the Alternative to Strike or Dismiss Plaintiff's Amended Complaint (2019 Action Doc. 12; 2019 Motion), filed November 22, 2019. In the 2019 Motion, the moving defendant argued that the 2019 Corrected Complaint was still a shotgun pleading. 2019 Motion at 4–10. Ultimately, the Court dismissed the action for failure to prosecute. Order (2019 Action Doc. 26; 2019 Dismissal Order), entered July 20, 2020.

On February 2, 2024, Schatzel, again proceeding pro se, initiated a second action in this Court, which was assigned Case No. 3:24-cv-122-MMH-J_T (2024 Action). See generally EXPARTE [sic] Petition For Review, Relief and Removal of Administrative Board/Agency Decision Due To Ultra Vires Acts of The Constitution Under The Fair Labor Standards Act, The Contract With The Union And The Contract Safe Drivers Plan Under Color of Law by the Respondents (2024 Action Doc. 1; 2024 Complaint). Just as it did in the 2019

4

Action, the Court struck the 2024 Complaint as an impermissible shotgun pleading. See Order (2024 Action Doc. 7; 2024 Shotgun Order), entered February 23, 2024, at 8. As relevant here, the Court advised that the 2024 Complaint fell into the second category of shotgun pleadings and again explained how Schatzel could improve the 2024 Complaint. Id. at 7–9. Schatzel did not file a corrected complaint, so the Court, again, dismissed the 2024 Action for failure to prosecute. See generally Order (2024 Action Doc. 8; 2024 Dismissal Order), entered April 2, 2024.

Schatzel initiated this action by filing a Complaint for Damages and Injunctive Relief (Doc. 1; Initial Complaint) on February 5, 2026. See generally Initial Complaint. A few days later, on February 10, 2026, the Court struck the Initial Complaint as a shotgun pleading. Order (Doc. 3; Shotgun Order) at 2. In the Shotgun Order, the Court explained that the Initial Complaint fell into the first and fourth categories of shotgun pleadings and, for a third time, advised Schatzel on how to remedy those deficiencies. Id. at 1–3. Schatzel filed his corrected complaint on February 12, 2026, see generally Amended Complaint for Damages and Injunctive Relief (Doc. 4; Corrected Complaint), and subsequently amended the Corrected Complaint twice, see generally 2nd Amended Complaint for Damages and Injunctive Relief (Doc. 6; Amended Complaint), filed February 12, 2026; Second Amended Complaint. In the

5

operative Second Amended Complaint, Schatzel brings claims against DCPS, DCSB, Local 512, Bernier, National Express, LLC (National Express), Durham School Services, L.P. (Durham), and Summit SD School Services, LLC (Summit) for (1) the defendants' violation of his Fourteenth Amendment due process rights under § 1983, (2) subjecting him to a "state-created danger" under § 1983, (3) the defendants' violation of his rights to speech and assembly under the Land Management Reporting and Disclosure Act (LMRDA), (4) the defendants' violation of his due process rights under the LMRDA, (5) retaliation under the Surface Transportation Assistance Act (STAA), (6) intentional infliction of emotional distress, (7) negligent infliction of emotional distress, and (8) negligence. Second Amended Complaint, Count 1 – Fourteenth Amendment Due Process (42 U.S.C. § 1983) ¶ 1–Count 6 – Negligence ¶ 24.[2]

## II. Discussion

The Court will discuss the Motions to Dismiss together and then turn to the Motion to Stay Discovery.

### A. Motions to Dismiss

The Duval Defendants and Local 512 contend that this action should be dismissed because the Second Amended Complaint is an impermissible shotgun

---

[2] In the Second Amended Complaint, Schatzel restarts his paragraph numbering at the beginning of each section. See generally Second Amended Complaint. To avoid confusion, the Court will cite the name of the section heading in addition to the paragraph number. See, e.g., id., Introduction ¶ 1.

pleading. See Duval Defendants' Motion to Dismiss at 3–4; Local 512's Motion to Dismiss at 5–6. Upon review, the Court concludes that, although the Second Amended Complaint is an improvement on the Initial Complaint in some respects, it is still a shotgun pleading that is due to be stricken. However, in an abundance of caution, the Court will sua sponte grant Schatzel **one final opportunity** to file a corrected complaint that complies with the pleading rules rather than dismiss this action on the merits under Rule 12(b)(6). Schatzel is cautioned that, if he fails to file a second corrected complaint or if his second corrected complaint fails to comply with the Rules and this Court's Orders, **this action will be dismissed without further notice**.[3]

Although the Court has explained the Eleventh Circuit's rules surrounding shotgun pleadings three previous times, the Court will reiterate the legal standard once more. While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "conform to procedural rules[,]" Riley v. Fairbanks Cap. Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).[4] The

---

[3] If the Court dismisses Schatzel's case due to either of these issues, the federal claims will be dismissed with prejudice, and the state claims will be dismissed without prejudice. See Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296–97 (11th Cir. 2018).

[4] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P.

7

Rules require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (quoting Sams v. United Food & Comm'l Workers Int'l Union, 866 F.2d 1380, 1384 (11th Cir. 1989)). Despite the liberal pleading requirements of Rule 8, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted). Rules 8 and 10 work together

> to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (quoting T.D.S., Inc. v. Shelby Mut. Ins. Co., 760 F.2d 1520, 1543 (11th Cir. 1985) (Tjoflat, J., dissenting)). "Where the allegations of a complaint are 'vague and ambiguous—leaving the reader to guess at precisely what the plaintiff [is] claiming,' the court

---

32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

8

should order a repleader." Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460 (11th Cir. 2010) (per curiam) (alteration in original) (quoting Byrne v. Nezhat, 261 F.3d 1075, 1128 (11th Cir. 2001)).

Significantly, a complaint may not run afoul of the Eleventh Circuit's prohibition against shotgun pleadings. See generally Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321–23 (11th Cir. 2015) (outlining four broad categories of impermissible shotgun pleadings). The Eleventh Circuit has unequivocally instructed that shotgun pleadings are "altogether unacceptable." Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in "a thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." Weiland, 792 F.3d at 1321; see, e.g., id. at 1321 n.9 (collecting cases). As the court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263. As such, when faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative and

9

force the plaintiff to replead to the extent possible under Rule 11. See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also Weiland, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

As discussed above, the Court struck Schatzel's Initial Complaint because it fell into the first and fourth categories of shotgun pleadings. Shotgun Order at 2. While Schatzel corrects the former issue in the Second Amended Complaint, he fails to correct the latter. See generally Second Amended Complaint. Not only that, the Second Amended Complaint contains additional shotgun pleading deficiencies. See generally id.

For starters, the Second Amended Complaint falls into the fourth category of shotgun pleadings because Schatzel asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland, 792 F.3d at 1323; see, e.g., id. at 1323 n.14 (collecting cases). As with claims premised on different facts and legal theories, claims against different defendants should be separated into different counts. This allows each defendant to more readily identify which claims and factual allegations are

10

directed at that defendant so the defendant can frame a responsive pleading. In the Second Amended Complaint, Schatzel brings eight claims, each of which is against either all, or a subset of, the defendants. See generally Second Amended Complaint. And, when describing the facts giving rise to his claims, Schatzel often fails to specify which defendant is responsible for which action(s). See generally id. Indeed, in many places, Schatzel lumps all of the defendants together by alleging that "Defendants" took certain actions. See, e.g., id., Count 5 – Intentional or Negligent Infliction of Emotional Distress ¶ 5 ("Defendants ignored repeated safety warnings, mechanical defect reports, and dispatch failures that placed Plaintiff in danger." (emphasis added)). In doing so, Schatzel fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland, 792 F.3d at 1323. The Court instructs Schatzel to separate each claim against each defendant into a separate count and to specify which defendant(s) took each of the actions giving rise to his claims in the second corrected complaint.

As for the new deficiencies, the Second Amended Complaint falls into the second category of shotgun pleadings because it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Weiland, 792 F.3d at 1322. For example, Schatzel includes several allegations about an individual named Edward Pearl, the vehicles Pearl is

11

registered to operate, and Schatzel's doubts about Pearl's identity. Second Amended Complaint ¶¶ 24–28. Additionally, Schatzel alleges that he has heard conflicting accounts about whether an individual named Flavin is an attorney. Id. ¶¶ 30–34. The Court is unable to discern how any of these allegations are relevant to any particular claim. When preparing his second corrected complaint, Schatzel must either clarify how these allegations pertain to his claims or omit them.

Additionally, the Second Amended Complaint falls into the third category of shotgun pleadings because, in two instances, Schatzel does "not separat[e] into a different count each cause of action or claim for relief." Weiland, 792 F.3d at 1323. Specifically, Count 3 contains two distinct claims under the LMRDA: (1) a claim that the defendants violated Schatzel's right to speech and assembly, and (2) a claim that the defendants violated Schatzel's due process rights. Second Amended Complaint, Count 3 – Violation of LMRDA Title I (29 U.S.C. § 411) ¶¶ 6, 19; see, e.g., Murdock v. Am. Mar. Officers Union Nat'l Exec. Bd., No. 19-62687-Civ-Scola, 2021 WL 5114862, at *4, *7 (S.D. Fla. Nov. 3, 2021) (treating claims under §§ 411(a)(2) and 411(a)(5) of the LMRDA as separate causes of action).[5] Similarly, Count 5 contains a claim for intentional infliction

---

[5] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects[]").

12

of emotional distress, and, apparently in the alternative, a separate claim for negligent infliction of emotional distress. Second Amended Complaint, Count 5 – Intentional or Negligent Infliction of Emotional Distress ¶¶ 1–19; see, e.g., Portes v. City of Doral, No. 24-cv-24652-BLOOM/Elfenbein, 2025 WL 1865119, at *6 (S.D. Fla. July 7, 2025) (explaining that a complaint that contains a claim for "Infliction of Emotional Distress" falls into the third category of shotgun pleadings because intentional and negligent infliction of emotional distress are distinct causes of action). This kitchen sink manner of pleading fails to comply with Rules 8 and 10 and makes it impossible to discern which causes of action are actually at issue in this particular lawsuit. See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996) (explaining that a properly drawn complaint "will present each claim for relief in a separate count, as required by Rule 10(b), and with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading" (internal footnote omitted)). In his second corrected complaint, Schatzel must separate each of these causes of action into its own count.

Finally, the Court notes that the Second Amended Complaint appears to run afoul of Rule 10(b) because Schatzel restarts the numbering of his paragraphs under every major heading. Compare Second Amended Complaint, Introduction ¶ 1 ("1. This is a civil action for violations of the Constitution,

13

federal law, and Florida law . . . .") with id., Statement of Facts ¶ 1 ("1. Plaintiff worked as a school bus operator in Duval County from 2011 through 2023."). Rule 10(b) requires a party to state its claim in numbered paragraphs. Rule 10(b). "The rule implicitly contemplates a single, sequential numbering of paragraphs." Green v. Intuit, Inc., No. 8:23-cv-1039-TPB-AAS, 2024 WL 621606, at *4 (M.D. Fla. Feb. 14, 2024). Renumbering paragraphs at the beginning of each heading is confusing because "one can reference an allegation by its page and paragraph number but it still might not be clear which allegation is being invoked." Todd v. City of Tuscaloosa, No. 7:22-CV-00025-ACA, 2022 WL 17345779, at *5 (N.D. Ala. Nov. 30, 2022). In the second corrected complaint, Schatzel must number his paragraphs consecutively.

In light of the foregoing, the Motions to Dismiss are due to be granted to the extent that the Duval Defendants and Local 512 argue that the Second Amended Complaint is a shotgun pleading. Accordingly, the Second Amended Complaint is due to be stricken. As a reminder, the Court will provide Schatzel **one final opportunity** to correct the shotgun pleading deficiencies of the Second Amended Complaint. In all other respects, the Motions to Dismiss are denied without prejudice.

14

**B. Motion to Stay Discovery**

In the Motion to Stay Discovery, Local 512 asks the Court to stay discovery until its pending dispositive motion is resolved. See generally Motion to Stay Discovery. It is well established that district courts have broad, inherent authority to manage their dockets, including the power to stay discovery. See Aatrix Software, Inc. v. Green Shades Software, Inc., No. 3:15-cv-164-HES-MCR, 2015 WL 12835689, at *1 (M.D. Fla. Sept. 10, 2015); Lewis v. Abbott Labs., Inc., No. 6:19-cv-909-Orl-31LRH, 2019 WL 5448289, at *2 (M.D. Fla. Aug. 2, 2019); see also Dietz v. Bouldin, 579 U.S. 40, 47 (2016) ("This Court has also held that district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."). However, stays of discovery "are generally disfavored 'because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.'" See Aatrix Software, Inc., 2015 WL 12835689, at *1 (quoting Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997)); see also Middle District Discovery (2021) at Section I.E.4. Nevertheless, "[c]ourts must manage pretrial discovery to avoid wasting resources, and '[g]ranting a discovery stay until an impending motion to dismiss is resolved is a proper exercise of that responsibility.'" See Race v. Bradford Cnty., Fla., No.

15

3:18-CV-153-J-39PDB, 2019 WL 1755808, at *2 (M.D. Fla. Apr. 19, 2019) (second alteration in original) (quoting Rivas v. The Bank of N.Y. Mellon, 676 F. App'x 926, 931 (11th Cir. 2017)).

Upon review, the Court finds it appropriate to stay discovery in this action because the Second Amended Complaint is due to be stricken. Indeed, the second corrected complaint may narrow the issues in this case and provide the parties with guidance on the appropriate scope of discovery. Therefore, to avoid wasting resources, the Court finds it prudent to grant the Motion to Stay Discovery. See Race, 2019 WL 1755808, at *2.

For the foregoing reasons, it is hereby

**ORDERED**:

1. Defendants Duval County School Board, Duval County Public Schools, and Dr. Christopher Bernier's Motion to Dismiss Second Amended Complaint [Doc. 33] (Doc. 37) and Defendant Teamsters Local 512's Motion to Dismiss Second Amended Complaint and Incorporated Memorandum of Law (Doc. 41) are **GRANTED** to the extent that the Court finds that Richard E. Schatzel's Second Amended Complaint for Damages and Injunctive Relief (Doc. 33) is an impermissible shotgun pleading. In all other respects, the Motions to Dismiss are **DENIED WITHOUT PREJUDICE**.

16

2. Richard E. Schatzel's Second Amended Complaint for Damages and Injunctive Relief (Doc. 33) is **STRICKEN**.

3. Schatzel shall file his second corrected complaint on or before **August 1, 2026**. Failure to file a second corrected complaint or failure to file a second corrected complaint that complies with the Federal Rules of Civil Procedure and this Court's Orders will result in the dismissal of this action.

4. Defendant Teamsters Local 512's Motion to Stay Discovery (Doc. 48) is **GRANTED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 2nd day of July, 2026.

MARCIA MORALES HOWARD
United States District Judge

lc36
Copies to:
Counsel of Record
Pro Se Party